IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENT WILLIAM JACOBY, #291 560, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-1030-WHA |
| | ) | [WO] |
| OFFICER YOUNG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an indigent state inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama. Under 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g). Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

## I. DISCUSSION

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had <u>civil actions **or** appeals</u> dismissed as frivolous, as malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915.[2] The cases on which this court relies in finding a § 1915(g) violation are: (1) *Jacoby v. Buncombe County Drug Treatment Program,* Civil Action No. 1:09-cv-304-GCM (W.D. N.C. 2009) (failure to state a claim); (2) *Jacoby v. Jones,* Civil Action No. 2:15-cv-543-MHT (M.D. Ala. 2018) (appeal frivolous); (3) *Jacoby v. Thomas,* Civil Action No. 2:15-cv-367-MHT (M.D. Ala. 2018) (appeal frivolous); and (4) *Jacoby v. Jones,* Civil Action No. 2:15-cv-849-WKW (M.D. Ala. 2018) (appeal frivolous)  This court concludes these summary dismissals place Plaintiff in violation of 28 U.S.C. § 1915(g).

Since Plaintiff has three strikes, he may not proceed *in forma pauperis* unless the claims raised demonstrate he was "under imminent danger of serious physical injury" upon initiation of this case. 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013)) (emphasis added); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (holding that,

---

[2] This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

to meet the exception to application of § 1915(g)'s three strikes bar, the facts in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

     The court has carefully reviewed Plaintiff's claims.  Even construing all allegations in his favor, his claims do not entitle him to avoid the bar of § 1915(g) because they do not allege nor indicate that he was "under imminent danger of serious physical injury" when he filed this cause of action as required to meet the imminent danger exception to applying 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of  28 U.S.C. § 1915(g)); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

     Based on the foregoing and Plaintiff's failure to pay the requisite filing and administrative fees upon initiation of this case, the court concludes this case is due to be summarily dismissed without prejudice. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that "[a]fter the third meritless [and/or malicious] suit, the prisoner must pay the full filing fee at the time he initiates the suit.").

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be DENIED; and

2. This case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

It is further

ORDERED that **on or before December 27, 2019**, Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of December 2019.

/s/   Charles S. Coody  
CHARLES S. COODY  
NITED STATES MAGISTRATE JUDGE